IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAGGIE CARROLL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:20-cv-7220 |
| THYSSENKRUPP ELEVATOR CORPORATION, | ) ) ) ) |
| Defendant. | ) ) |

**FIRST AMENDED COMPLAINT**

Plaintiff, MAGGIE CARROLL, by her attorneys, Seidman Margulis & Fairman, LLP, for her First Amended Complaint against the Defendant, THYSSENKRUPP ELEVATOR CORPORATION, states the following:

Count I - Negligence

1. This First Amended Complaint is filed as a matter of course pursuant to pursuant to Fed. R. Civ. Pr. 15 (a)(1)(B) within 21 days after service of a responsive pleading. Plaintiff has not filed any prior amendment as a matter of course.

2. At all times relevant to this Complaint, Plaintiff, MAGGIE CARROLL, was a citizen of Illinois, and resided in Chicago, Cook County, Illinois.

3. At all times relevant to this Complaint, Defendant THYSSENKRUPP ELEVATOR CORPORATION was a foreign corporation doing business in Cook County, Illinois.

4. At all times relevant to this Complaint, there existed a property located at or near 17400 South Kedzie Avenue, Hazel Crest, Cook County, Illinois, (hereinafter the Premises).

5. On or about November 12, 2018, Plaintiff, MAGGIE CARROLL, was lawfully

on the Premises, as an employee of Waterford Estates, which operated on the Premises.

6. At the aforementioned time and place, there existed a certain passenger elevator in the Premises on the north portion of the Premises, known as the north elevator and/or the big north elevator, as well as equipment that controlled and regulated the movement of the aforesaid elevator (hereinafter collectively the Elevator).

7. At all times relevant to this Complaint, Defendant, THYSSENKRUPP ELEVATOR CORPORATION controlled, designed, sold, provided, installed, operated, managed, maintained, and/or repaired the Elevator

8. On or about November 12, 2018, Plaintiff, MAGGIE CARROLL, lawfully rode the Elevator, entering the Elevator on or about the fourth floor.

9. At the aforementioned time and place, while Plaintiff, MAGGIE CARROLL, rode the Elevator, the Elevator unexpectedly and suddenly dropped and subsequently suddenly stopped, causing Plaintiff's body to be violently jostled, forcefully decelerated, and/or impacted, due to a defective and dangerous condition with the Elevator.

10. At the aforementioned time and place, Defendant THYSSENKRUPP ELEVATOR CORPORATION had the duty to use the highest degree of care in its control, design, installation, operation, management, maintenance, and repair of the Elevator, to make it safe for lawful passengers, and specifically owed said duty to Plaintiff.

11. Pleading in the alternative, at the aforementioned time and place, Defendant THYSSENKRUPP ELEVATOR CORPORATION had the duty to use reasonable care in its control, design, installation, operation, management, maintenance, and repair of the Elevator, to make it safe for lawful passengers, and specifically owed said duty to Plaintiff.

12. At all relevant times to this Complaint, Defendant THYSSENKRUPP

ELEVATOR CORPORATION had actual and/or constructive notice of a dangerous and defective condition of the Elevator.

13. At the aforementioned time and place, Defendant THYSSENKRUPP ELEVATOR CORPORATION was guilty of one or more of the following careless and negligent acts and/or omissions, in that it:

    a. Failed to adequately inspect the Elevator;

    b. Failed to adequately maintain the Elevator;

    c. Failed to repair and/or replace the Elevator, or parts thereof;

    d. Failed to provide a reasonably safe Elevator for its lawful passengers, including Plaintiff;

    e. Failed to exercise ordinary care to keep and maintain the Elevator in properly safe condition;

    f. Failed to warn Plaintiff of the dangerous condition existing with the Elevator, when Defendant had actual and/or constructive notice of said dangerous condition; and

    g. Allowed lawful passengers to use the defective Elevator after Defendant knew, or in the exercise of ordinary care should have known, that the Elevator was hazardous.

14. As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendant THYSSENKRUPP ELEVATOR CORPORATION, Plaintiff sustained injuries.

15. As a further and direct result of the negligent acts and/or omissions of the Defendant THYSSENKRUPP ELEVATOR CORPORATION, Plaintiff MAGGIE CARROLL suffered and will continue to suffer great pain and injury, disfigurement, and loss of a normal life, incurred and will continue to incur great medical expense, and lost, and will continue to lose, time from work.

WHEREFORE, Plaintiff, MAGGIE CARROLL, prays that this court enter its judgment against Defendant THYSSENKRUPP ELEVATOR CORPORATION in an amount in excess of $75,000.

## Count II – Res Ipsa Loquitur

1-11. Plaintiff repeats and re-alleges paragraphs one (1) through eleven (11) of Count I as if fully set forth herein.

12. At all relevant times stated herein, Defendant THYSSENKRUPP ELEVATOR CORPORATION had exclusive control over the Elevator, including the installation, operation, maintenance, management, and/or repair of the Elevator.

13. An elevator such as the Elevator does not unexpectedly and suddenly drop and subsequently suddenly stop in the absence of negligence.

14. The Elevator could not have unexpectedly and suddenly dropped and subsequently suddenly stopped in the absence of negligence by Defendant THYSSENKRUPP ELEVATOR CORPORATION.

15. Plaintiff did not contribute to the unexpected and sudden drop and subsequent sudden stop of the Elevator.

WHEREFORE, Plaintiff, MAGGIE CARROLL, prays that this court enter its judgment against Defendant THYSSENKRUPP ELEVATOR CORPORATION in an amount in excess of the jurisdictional limits of $75,000.

                                          SEIDMAN MARGULIS & FAIRMAN, LLP

                                          _____

                                          One of Plaintiff's attorneys

Daniel R. Seidman
Seidman Margulis & Fairman, LLP
20 South Clark Street
Suite 700
Chicago, Illinois 60603
(312) 781-1977
F: (224) 603-8345
Attorney ID: 6308142
dseidman@seidmanlaw.net